Curia, per

Earle, J.
There can be no doubt that the plaintiff was legally liable for the costs of the action brought in his name on the note transferred to the defendant ; and he would have been so liable whether the note was negotiable or not In Myers vs. James, 2 Bail, 547, and in Bennet vs. McFall, 2 Con. Rep. (Mill,) 198, it was held that the transfer by delivery, in either case, constituted an authority to sue in the name of the payee; and the express refusal to endorse or assign the note in writing, instead of diminishing the liability for costs, seems rather to strengthen the grounds of it, by withholding from the transferee the means of bringing suit in his own name. The plaintiff, then, for a valuable consideration, transfers to the defendant a right of action, with authority to sue in his name for the recovery, and must be presumed to know that he would be liable for costs in case of failure. There is no express agreement by the defendant to refund the costs, nor do we perceive any ground on which it can be implied by law. It can hardly be said that they were money paid, laid out, and expended for the defendant at his instance and request; for they were incurred as the legal consequence of an act done by the express authority of the plaintiff, and for which he had actually been paid; for, *163 when he sold the note, he sold likewise the privilege of using his name to recover it. The failure to recover was because it was worthless in his hands, and he ought to be satisfied, if he suffers no other penalty, for taking something for nothing. Motion refused.-
Richardson, O’Neall, Evans, Butler, and Wardlaw, JJ., concurred.